# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

LIBERATO OLIVAS,

        Plaintiff,

v.                                             No. CIV 99-1304 BB/RLP

CITY OF HOBBS, STAN DURHAM, DAVE
GARTMAN, TONY KNOTT, RODNEY
PORTER, and ORIN TUBBS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of Defendants' motion for summary judgment (Doc. 40). Defendant has also filed a motion to exclude two of Plaintiff's witnesses (Doc. 42) and a motion to dismiss for abuse of discovery (Doc. 45). The motion to exclude will be considered at trial, should Plaintiff attempt to present testimony from the two witnesses in question. The motion to dismiss has been referred for a recommendation from the judge who has handled discovery. As to the motion for summary judgment, the Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion for summary judgment will be denied.

**Procedural Default:** Defendant points out that Plaintiff failed to file a timely response to the motion for summary judgment, and that under Local Rule 7.5, that failure constitutes consent to grant the motion.[1] However, the Tenth Circuit has held that similar local rules are to be construed as

_____

[1]Plaintiff did file a brief in opposition to the motion, but the brief was filed late and the Magistrate Judge determined that an extension of time should not be granted. Plaintiff has asked this

discretionary rather than mandatory. *See Meade v. Grubbs,* 841 F.2d 1512, 1520 (10th Cir. 1988). The Tenth Circuit has also held that dismissal for violation of such a local rule is a severe sanction, reserved for extreme circumstances. *Id.* As was the case in *Meade*, the Court perceives little or no prejudice to Defendants from Plaintiff's late filing of his response brief, and the Court cannot find that Plaintiff's actions constitute the type of intolerable burden on this Court that would justify granting the motion for summary judgment as a sanction. *See id.*, 841 F.2d at 1521. Therefore, the Court will not grant the motion solely on the basis of Plaintiff's failure to file a timely response brief.

**Merits:** Defendants' motion for summary judgment is actually more akin to a motion to dismiss. Defendants attack Plaintiff's complaint as "indecipherable," and attach copies of Plaintiff's interrogatory answers in support of their contention that Plaintiff has failed to state a federal claim. Defendants then argue that, since no federal claim has been stated, Plaintiff's state-law claims must be dismissed as well.

The Court notes that Plaintiff's complaint was verified, and the complaint must therefore be treated as an affidavit. *See Green v. Branson*, 108 F.3d 1296, 1301, fn. 1 (10th Cir. 1997). Contrary to Defendants' contention that the complaint is indecipherable, the Court finds that it clearly states facts supporting several different constitutional claims: (1) excessive force, in paragraph 4, which describes how the arresting officer, without provocation, began hitting and punching Plaintiff; (2) malicious prosecution, in paragraph 6, which describes how one officer arrested Plaintiff, without cause, on a charge of which Plaintiff was later acquitted; and (3) a pattern of racially-motivated harassment by officers, including wrongful traffic stops, the malicious prosecution, trespasses onto

---

Court to overturn the Magistrate's decision. However, since doing so will not affect the grant or denial of the summary-judgment motion, the Court declines to address the matter.

Plaintiff's property, and physical intrusions. *See, e.g.*, *Williams v. Bramer,* 180 F.3d 699 (5th Cir. 1999) (discussing requirements for excessive-force claim and equal-protection claim based on racially-motivated harassment by police officers); *Taylor v. Meacham*, 82 F.3d 1556, 1561-62 (10th Cir. 1996) (discussing elements of constitutional malicious-prosecution claim).  Furthermore, Plaintiff asserts that he requested assistance and protection from the Chief of Police and other City of Hobbs officials, but the alleged racially-motivated harassment was not stopped.  At this point, therefore, it appears Plaintiff has presented sufficient evidence to state a claim for municipal liability for at least some of the claimed constitutional violations.  *See Estate of Novack v. County of Wood*, 226 F.3d 525, 531 (7th Cir. 2000) (municipal liability may be imposed where persons with final policymaking authority have encouraged, or at least condoned, actions of subordinate employees).

In the pre-trial report, Defendants state that Plaintiff's assertions are fabrications, and that all of the officers' contacts with Plaintiff were legitimate.  However, since Defendants presented no affidavits or evidence contradicting the statements Plaintiff made in his complaint and in his answers to interrogatories, and since for summary-judgment purposes the Court must view the evidence in the light most favorable to Plaintiff, Defendants' motion for summary judgment is without merit and must be denied.

**ORDER**

A Memorandum Opinion having been issued in this case, it is hereby ORDERED as follows: Defendants' motion for summary judgment (Doc. 40) is DENIED; a decision on Defendants' motion to dismiss for discovery abuses (Doc. 45) will be issued shortly;  and Defendants' motion to exclude two of Plaintiff's witnesses (Doc. 42) will be dealt with at trial, if necessary.

Dated this 26th day of February, 2001.


_____
BRUCE D. BLACK
United States District Judge


**ATTORNEYS**:

**For Plaintiff**:
Robert G. Cates
Hazen H. Hammel
Cates & Hammel, P.C.
219 9th St., N.W.
Albuquerque, New Mexico 87102

Glen L. Houston
G. Houston Associates
1304 West Broadway Place
Hobbs, New Mexico 88240

**For Defendants**:
Josh A. Harris
Beall & Biehler, P.A.
6715 Academy Rd. N.E.
Albuquerque, New Mexico 87109

4