## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LIBERATO OLIVAS,

       Plaintiff,

  vs.                                     CIVIL NO. 99-1304 BB/RLP

CITY OF HOBBS, STAN DURHAM,
DAVE GARTMAN, TONY KNOTT,
RODNEY PORTER and ORIN TUBBS,

       Defendants.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.      By the district court's Order of Reference (Docket No. 66) filed February 20, 2001, the court has been requested to prepare a Report and Recommendation on Defendants' Motion to Dismiss Plaintiff's Claims for Abuse of Discovery Process **(Docket No. 45)**, which requests dismissal of Plaintiff's complaint based upon allegations of discovery abuse relating to the evasive and untimely disclosure of Plaintiff's medical history, handwritten notes and employment history.  The list of discovery abuses is as follows:

      A.      In answering Interrogatory No. 6, asking Plaintiff to list all healthcare practitioners he had seen in his lifetime, Plaintiff did not disclose numerous

---

[1]Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period if that party seeks appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

visits to hospitals, mostly VA hospitals, and he vaguely stated in Interrogatory No. 7, he had sought treatment for colds and back pain from a VA Clinic.  The non-disclosed hospital visits appear generally related to drug abuse treatment and a psychiatric admission.

B.      Plaintiff in response to Interrogatory No. 4, did not disclose five accidents in response to a question about "injuries" he received before the injuries he alleged in the complaint.

C.      Plaintiff misplaced personal notes relating to conversations he had with Defendants.

D.      Vague answers to interrogatories related to employment post-1987. Plaintiff is currently receiving social security disability benefits.

## DISCUSSION

2.      The Tenth Circuit standard for dismissal of an action based upon discovery abuse is outlined in *Ehrenhaus v. Reynolds,* 965 F.2d 916 (10th Cir. 1992).  The Tenth Circuit outlines five factors for trial courts to consider when evaluating dismissal under these circumstances.

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process;. . .(3) the culpability of the litigant,". . .(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.

Id. at 921.  [internal citations omitted]

3.    Applying these five factors to the facts of this case, the sanction of dismissal is not appropriate.  First, it is clear that the actual prejudice to Defendant has been minimized because of the diligent efforts of defense counsel.  The medical records have been uncovered, the previous injuries have been discovered and Plaintiff's current social security disability status has been determined.  It is not clear if Plaintiff's notes were misplaced, lost or stolen.  Second, although Plaintiff's discovery responses were less than complete, it is not clear to the court the extent Plaintiff purposely presented incomplete answers or simply misunderstood the questions or was not capable of answering the questions.  Under the circumstances, the best procedural device to bring this to the attention of the court was a motion to compel.

## RECOMMENDED DISPOSITION

Since lesser sanctions were not requested and Defendant has suffered minimal prejudice, I recommend that Defendants' motion be denied.

RICHARD L. PUGLISI
United States Magistrate Judge