IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LIBERATO OLIVAS,**

        **Plaintiff,**

**v.**                                                  **No. CIV 99-1304 BB/RLP**

**CITY OF HOBBS, STAN DURHAM,
DAVE GARTMAN, TONY KNOTT,
RODNEY PORTER, and ORIN
TUBBS,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER ON NEW TRIAL

      **THIS MATTER** is before the Court on Defendants' motion for judgment as a matter of law, new trial or remittitur. The Court having considered the briefs of counsel and being otherwise advised, finds a New Trial is the most appropriate remedy.

### *Facts*

      Plaintiff Liberato Olivas filed suit on November 9, 1999, alleging violations of his Fourth Amendment rights. Plaintiff claims he was arrested based on "planted evidence" without probable cause and subjected to malicious abuse of process. Plaintiff also alleges that he was subjected to subsequent harassment in the form of being stopped by officers and alleged illegal detainment for brief periods of time.

At trial, Plaintiff argued Defendant Stan Durham "planted" evidence on him when he was arrested following a traffic stop. Plaintiff testified that he had helped clean out the car at a convenience store the night he was arrested; at that time there was no matchbox in the car. He further testified that after the stop he witnessed Officer Durham take something from the police car and introduce it into Pena's car. Plaintiff told Pena to watch out, the police would plant evidence, and asked to see what Officer Durham had in his hand. It was an empty matchbox according to Plaintiff. The matchbox introduced at his marijuana possession trial in municipal court, however, contained marijuana and was a different color than the one Officer Durham placed in Pena's car at the scene.

Officer Durham testified that in searching Pena's car he found a yellow matchbox containing marijuana leaves and stems in the area of Pena's car where Plaintiff was riding. Officer Durham testified Pena failed a field sobriety test and was arrested. He said when he field tested the contents of the box and it came up positive for marijuana, he arrested Plaintiff. Officer Durham testified he placed the matchbox in a properly sealed envelope and did not see it again until Plaintiff's criminal trial. He testified he could loose his job and go to prison if he planted evidence on Olivas and he certainly would not do it.

Later, when Defendant Tony Knott, Hobbs Chief of Police, was testifying, one of the jurors sent a question to the Court which asked, "If it was Pena's car, why wasn't

he charged with marijuana possession?"  When asked the question, Chief Knott explained that it is standard policy to assume the drugs were under the control of the nearest person and arrest that person.  He further testified the arresting officer is only trying to determine probable cause, not guilt beyond a reasonable doubt.  He further testified Plaintiff had never made any complaint to the Hobbs Police Department that Officer Durham "planted evidence."

Although it was Defendants whose jury instruction introduced the language "planting evidence," the term was not defined by Defendants or the Court.  During deliberations, the jury sent out a note which read:  "Does "planting the evidence on him" for the purposes of Question 1 include the situation where Durham actually finds the marijuana in the car but charges Olivas with possession even though a reasonable, prudent person would have believed Pena was in possession of the marijuana, not Olivas.  Or does [sic] moving marijuana from one car to another essential to the "planting" definition."  After consultation with counsel, the Court determined no specific response was necessary, in spite of defense counsel's strong argument that the jury was obviously misled and required specific guidance.

The jury returned a verdict in favor of each defendant except Officer Durham.  The jury found Defendant Durham responsible for "planting evidence" on Plaintiff and wrongfully arresting him.  They calculated Durham was the proximate cause of Plaintiff's damage in an amount of $50,117 and responsible for $100,000 in punitive

damages. Along with the verdict, the jury returned a note which read: "The Court instructed that "planting evidence on him" is not defined in the law. We define "planting evidence on him" to mean assigning possession of the Marijuana to Mr. Olivas rather than Jose Pena without probable cause. We do not find that Ofc. Durham, or any other officer placed, or introduced marijuana into the car driven by Mr. Pena."

## *Discussion*

The verdict, augmented by the jury's note, demonstrates the jury misunderstood both the factual basis of Plaintiff's claim and the controlling law. The jury's notes indicate an obvious confusion as to the meaning of "planting evidence." As a general proposition, this phrase covers an enforcement officer bringing inculpating evidence to a crime scene[1] and Plaintiff introduced substantial testimony in support of such a theory. The jury note accompanying the verdict, however, makes it clear they rejected this theory and relied on their own incorrect definition of "planted evidence." When a jury uses its own resources to adopt an improper definition and then bases its verdict upon that definition, a new trial should be granted. *Mayhue v. St. Francis Hosp. of Wichita*, 969 F.2d 919 (10th Cir. 1992).

Plaintiff, however, argues: "The jury's note stated that Officer Durham arrested Plaintiff without probable cause. The jury thus got the gist of the matter. The jury's

---

[1] *Kyles v. Whitley*, 514 U.S. 419, 429 (1995); *Riley v. City of Montgomery*, 104 F.3d 1247, 1253 (11th Cir. 1997); *United States v. Kellough*, 19 M.J. 871 (USAF Mil. Rev. 1985).

verdict did not have to agree with Plaintiff's contentions in every detail. A verdict needs a "legally sufficient evidentiary basis." Plaintiff' Resp. at 2. Plaintiff goes on to make an argument that Plaintiff made out a case for malicious prosecution based on the lack of probable cause. *Id*. The Court thinks it unlikely Plaintiff's interpretation is what the jury intended, but must concede the final note leaves the jury's intent somewhat unclear. When a jury's verdict is unclear as to whether it followed the proper law, the appropriate remedy is again a new trial. *Houston v. Herring*, 562 F.2d 347 (5th Cir. 1977); *Barnett v. Love*, 294 F.2d 585 (4th Cir. 1961).

## O R D E R

For the above stated reasons, Defendants' motion for a new trial is GRANTED.

Dated at Albuquerque this 24th day of April, 2001.

**BRUCE D. BLACK**
**United States District Judge**

**Counsel for Plaintiff:**
    Glen L. Houston, Hobbs, NM
    Hazen H. Hammel, Albuquerque, NM

**Counsel for Defendants:**
    Josh A. Harris, Albuquerque, NM